IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID D'AMICO, Reg. No. 58139-037, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:18-CV-1070-WHA |
| | ) |
| WARDEN WALTER WOODS, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2241 application for habeas corpus relief filed by David D'Amico, a federal inmate currently incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama. Upon thorough review of the habeas petition and in accordance with applicable federal law, the court concludes that the petition is due to be summarily dismissed. *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

**II. DISCUSSION**

In the instant petition, D'Amico complains that prison officials have denied him visitation with an individual who is a practitioner of his religion and acted with deliberated indifference to his medical needs for a hip injury. Doc. 1 at 6–7. D'Amico requests that the court "1) order the BOP to allow visitation by [a] fellow Christian Science member, [and] 2) order BOP to continue medically prescribed physical therapy." Doc. 1 at 8.

The claims raised by D'Amico are not cognizable in the instant 28 U.S.C. § 2241 habeas petition. The central purpose of the writ of habeas corpus is to provide a remedy to prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate or

earlier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484.  Federal habeas corpus relief is not available to remedy alleged constitutional violations which would not lead to either: (1) an automatic shortening of an individual's sentence, or (2) the individual's immediate release.  *Id*; *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (internal citations and quotation marks omitted), *cert. denied*, 138 S.Ct. 502 (Dec. 4, 2017) (holding that a federal inmate "may file a petition for a [§ 2241] writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or [adverse] parole determinations" or, in extraordinary and limited circumstances, to challenge his sentence "when the sentencing court is unavailable [such as when the sentencing court no longer exists]" or where there are multiple sentencing courts which would prevent a prisoner from filing a 28 U.S.C. § 2255 motion to vacate.); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (internal quotations and citation omitted) (Where success in the action would not "necessarily spell [immediate or] speedier release" for the prisoner, the remedy is not within "the core of habeas corpus.").

The claims presented by D'Amico do not impact either the fact of or duration of his sentence.  Instead, his claims address only conditions associated with his confinement.  The appropriate remedy for these claims is a *Bivens* civil rights action.[1]  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's

---

[1] A *Bivens* civil rights action challenges the constitutionality of the actions of federal officials. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980). Courts generally apply § 1983 law to *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 500 (1978).

2

confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core [of habeas corpus] and may be brought pursuant to § 1983 [or, for a federal prisoner, a *Bivens* civil rights action]."); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979) ("The rule . . . is that any challenge to the Fact or Duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to Conditions of confinement" are appropriate for review in civil rights actions).[2]

Here, D'Amico seeks injunctive relief which would compel Warden Woods to allow him visitation with an individual who is also a practitioner of Christian Science and provide him additional physical therapy for treatment of a hip injury. Pursuant to well settled law, the conditions for which D'Amico seeks relief are not properly before the court in a petition for writ of habeas corpus; rather, the nature of D'Amico's challenges should be brought in a *Bivens* civil rights action.[3] In light of the foregoing, the court concludes that D'Amico's habeas petition is due to be summarily dismissed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for federal habeas corpus relief filed herein be DISMISSED without prejudice to the right of the petitioner to file an appropriate *Bivens* civil rights action regarding the matters challenged in the instant petition.

It is

ORDERED that **on or before January 24, 2019**, Petitioner may file an objection to the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions

---

[2] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] In so finding, however, the court makes no determination regarding the merits of D'Amico's allegations.

3

in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 10th day of January, 2019.

      /s/  Charles S. Coody
    UNITED STATES MAGISTRATE JUDGE